**NOT FOR PUBLICATION**

FILED

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA FORD, an individual,<br><br>　　　Plaintiff - Appellee,<br><br>　v.<br><br>ST. CHARLES HEALTH SYSTEM, INC.,<br>an Oregon corporation,<br><br>　　　Defendant - Appellant. | No. 25-855<br><br>D.C. No.<br>3:23-cv-00871-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Argued and Submitted July 7, 2026
Portland, Oregon

Before: GRABER, CLIFTON, and SUNG, Circuit Judges.
Dissent by Judge CLIFTON.

Anna Ford sued St. Charles Health System, Inc. (the "Hospital") in state

court, alleging that it failed to provide her and other nurses like her with a

continuous, uninterrupted meal period, as required by Oregon Administrative Rule

("OAR") 839-020-0050(2), a rule adopted by the Oregon Bureau of Labor and

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Industries ("BOLI"). The Hospital removed the case to federal court and moved to dismiss, contending that, because of its collective bargaining agreement ("CBA") with Ford's union, § 301 of the Labor Management Relations Act ("LMRA") preempts Ford's state law claims. *See* 29 U.S.C. § 185. The district court denied the motion to dismiss. The Hospital then moved to compel arbitration. The district court denied that motion, and the Hospital timely appealed. We do not reach the merits of that appeal. Because the district court correctly concluded Ford's claims are not preempted by the LMRA, and because the record reflects no other basis for subject matter jurisdiction, the court lacked jurisdiction to consider the motion to compel arbitration. We therefore vacate the order denying the motion to compel arbitration and remand with instructions to remand the case to state court.

"Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" issues of jurisdiction that the parties have not presented. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). A claim that is preempted by the LMRA is "considered, from its inception, a federal claim … subject to removal based on federal question jurisdiction." *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1009 (9th Cir. 2018) (internal quotation marks omitted). But if a district court correctly concludes that the LMRA does not preempt a claim, absent some other basis for subject matter jurisdiction, the court lacks removal jurisdiction and must remand the case to state court. *Id.* at 1014.

25-855

"Preemption is a matter of subject matter jurisdiction, which we review de novo." *Id.* at 1009. A state law claim is preempted by the LMRA if "the right exists solely as a result of the CBA" or the right is "substantially dependent on analysis of a [CBA]." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "We review de novo … the interpretation of a contract's language." *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1041 (9th Cir. 2020).

The Hospital argues that any right Ford had to a continuous, uninterrupted meal period existed solely as a result of the CBA because of Oregon Revised Statute ("ORS") section 653.261(3), which provides: "Rules adopted by the [BOLI] commissioner … regarding meal periods and rest periods do not apply to nurses who provide acute care in hospital settings if provisions of collective bargaining agreements entered into by the nurses prescribe rules concerning meal periods and rest periods." ORS § 653.261(3). It is undisputed that the CBA prescribes *some* rules regarding meal periods. Ford contends that the CBA provisions do not address the right to a continuous and uninterrupted meal period and, therefore, the BOLI rule establishing that right remains applicable under ORS § 653.261(3). The Hospital contends that *any* CBA provision addressing meal periods triggers the section ORS 653.261(3) exemption.

We do not need to resolve that question of statutory interpretation. Even if ORS section 653.261(3) means that none of BOLI's meal and rest period rules

3

25-855

apply to acute care nurses when a CBA prescribes *any* rules concerning meal periods and rest periods, here, the CBA expressly provides: "The Hospital will comply with all legal requirements with respect to meals and breaks *if not otherwise provided in this agreement*." That provision expressly preserves all legal requirements with respect to meal breaks, including BOLI's rules, unless the agreement provides for a different rule. Because the CBA does not provide for a different rule regarding the employees' state-law right to a continuous, uninterrupted meal period, OAR 839-020-0050(2) applies.

Further, "[w]here a party defends a state cause of action on the ground that the plaintiff's union has bargained away the state law right at issue, the CBA must include 'clear and unmistakable' language waiving the covered employees' state right 'for a court even to consider whether it could be given effect.'" *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 692 (9th Cir. 2001) (en banc) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)). We may "look to" the CBA to determine whether it contains such a waiver without triggering LMRA preemption. *Id.* Thus, even assuming that the CBA provisions cited by the Hospital could be construed plausibly to provide a different rule regarding employees' right to a continuous, uninterrupted meal break, because they do not do so clearly and unmistakably, our conclusion remains the same—the CBA does not waive Ford's state-law right to a continuous, uninterrupted meal period.

25-855

Because Ford's claims are not preempted by the LMRA, there is no basis for federal court subject matter jurisdiction. *See McCray*, 902 F.3d at 1014. We vacate the order denying the motion to compel arbitration and remand with instructions to remand the case to state court.

**VACATED AND REMANDED.**

The Hospital shall bear the costs on appeal. Fed. R. App. P. 39.

25-855

FILED

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Ford v. St. Charles Health System, Inc.*, 25-855

CLIFTON, Circuit Judge, dissenting:

The CBA "prescribe[s] rules concerning meal periods and rest periods," ORS 653.261(3), and the BOLI regulations pertaining to continuous, uninterrupted meal periods therefore do not apply. *See* OAR 839-020-0050(2). The majority disposition concedes, at 3, that "[i]t is undisputed that the CBA prescribes *some* rules regarding meal periods." (emphasis in original). It is able to conclude that the BOLI regulations remain applicable only by inserting a word into the pertinent statute, reasoning, at 4, that "the CBA here does not provide for a *different* rule." (emphasis added). The word "different" does not appear in ORS 653.261(3). The statute says that the BOLI rules do not apply "if provisions of collective bargaining agreements entered into by the nurses prescribe rules concerning meal periods and rest periods." ORS 653.261(3). That is undisputedly the case here.

The statutory exemption in ORS 653.261(3) is a recognition of the unique challenges posed to hospitals and acute care nurses, who may face emergency conditions and changing circumstances that make it difficult to create a "one size fits all" rule. This CBA, negotiated between the nurses' association and the hospital, contains two full pages of meal-period related terms that create a cooperative arrangement able to accommodate those unusual demands. Section 7.7 of the agreement provides that "[t]he Hospital is responsible for providing rest

1

breaks and meal periods; it is the nurse's responsibility to take them."  It further states that "[i]f a nurse anticipates that he or she will be unable to take a meal period or rest break, the nurse will inform the charge nurse (or supervisor, if the charge nurse is not available) as soon as possible," and that "[t]he Parties agree that the provision of rest breaks and meal periods is best addressed by unit-based decisions where the affected nurses and nursing leadership are involved in creative and flexible approaches."  "Each unit has the flexibility to develop a written plan for providing nurses with rest and meal periods set forth in this section . . . ."  The CBA also dictates that meal plan rules shall be open to revision and adaptation as needed:

> Each unit will review its written plan no less than annually to determine whether revision to the plan is necessary.  Such necessary revisions will take place with input from the nurses on that unit.  Each annual review will include a list of practices on the unit that have been successful in allowing nurses to regularly receive meal periods and breaks, as well as any challenges.  The Bend Staffing Committee will maintain a list of unit based plans' successful practices on meal periods and rest breaks in the different units throughout the Hospital.

The exemption in ORS 653.261(3) allows employers and unions representing acute care nurses to bargain for alternatives to the BOLI regulations, and they did so here.  We should respect the collective bargaining that led to that agreement and adhere to the plain language of the statute and the undisputed facts.  That is especially true given that the terms agreed upon in the CBA are plainly in tension with the claims of Plaintiff Ford's putative class action.  The majority

2

disposition missteps both substantively and literally by directing the suit to proceed in state court.

The claims brought in Plaintiff's complaint stand in stark contrast to the cooperative arrangement negotiated in the CBA. Far from accepting the responsibility placed on individual nurses to take available breaks, or to advise supervisors of any inability to do so, and far from seeking a cooperative arrangement to resolve structural problems, the premise of the complaint is that the hospital is to blame and must be held financially responsible for any breaks that were not taken. Keep in mind that the complaint here is presented as a class action, contending that structural problems made it impossible for nurses to take breaks. The Complaint alleges:

> Defendant directed, expected, suffered and/or permitted Plaintiff and other class members to access and use its electronic medical charting system(s) to Defendant's benefit simultaneous with class members' 30-minute statutory meal periods, and while otherwise off the clock, and monitored class members' use of the system(s). Additionally, Defendant required Plaintiff and other class members to carry electronic communication devices during their shifts to receive calls from patients and hospital personnel, requiring them to respond to such calls, which often happened during meal periods. Generally, when Plaintiff's and other class members' meal periods were interrupted by use of the electronic medical charting system(s) and/or use of communication devices, such meal periods were, and remain, uncompensated.

These are exactly the kind of problems that the CBA agreed would be worked out through cooperative arrangements between the nurses and the Hospital. Nowhere

3

is that agreement accounted for in the class action lawsuit which the majority disposition blesses to proceed in state court.

The jurisdiction problem identified by the majority disposition started with the district court's denial of the Hospital's motion to dismiss that argued that section 301 of the LMRA preempts Plaintiff's state law claims. The majority disposition, at 2, blesses that denial as well, holding that the district court correctly concluded the claims were not preempted by the LMRA. But section 301 "preempts state-law claims . . . [that are] substantially dependent on analysis of a collective-bargaining agreement." *See Dent v. Nat'l Football League*, 902 F.3d 1109, 1116 (9th Cir. 2018) (quotation and citation omitted). Just as it is undisputed that the CBA prescribes rules regarding meal periods, it should be undisputed that the CBA speaks directly to—and should govern—the claims alleged in Plaintiff's complaint.

Because those claims should be recognized as preempted by the LMRA, federal court jurisdiction should be recognized as well. The majority disposition disregards the CBA, which was negotiated in good faith between the nurses' designated representatives and the Hospital, and the plain language of ORS 653.261(3). I respectfully dissent.

4